Case No. 18-008, Lemma Olu-Cole, parent and ex-friend of M.K. Appellant v. E.l. Haynes Public Charter School. Mr. Mayers for the Appellant, Ms. Al for the Appellant. Mr. Mayers for the Appellant, Ms. Al for the Appellant. I'll just wait for the judge to return. Counsel? Good morning. Good morning, Your Honor. May it please the Court, Stevie Nagers on behalf of Lemma Olu-Cole, I'd like to reserve two minutes for rebuttal. Your Honors, this Court should reverse the trial court because the trial court erred when it denied Ms. Cole's state foot relief. Once the parent satisfies state foot's two-part test, they are entitled to two forms of relief. So let me ask you, there's a reference by Appellee to a statement by the district court that the parties agreed the four-part test should apply, J.A. 18485. I read that and I wondered, I wasn't totally clear what they were agreeing the four-part test applied to. Yes, Your Honor, we would respectfully disagree with the trial court's characterization about what we agreed to. If you look at J.A. 140, you can actually see the exchange between myself and the trial court. And there, what I was basically emphasizing is that Haynes had to satisfy the four-part test. And then again, if you look at J.A. 156, you can see that the court actually frames the question the same way when he's asking counsel for Haynes. But then he goes ahead and applies the four-part test to your client. Yes, Your Honor, which we believe is a reversal error and the reason why we're before you today. All I'm getting at is the district court seems to have understood the agreement to be that he could apply the four-part test. I think that the district court misunderstood how to apply the four-part test or rather who to apply the four-part test to. So statehood is a statutory construction by Congress. Its purpose was to strip school districts of the unilateral authority to exclude students with emotional disturbances in particular from their schools. I just actually need to clarify something. So you want the district court's decision denying the preliminary injunction reversed? No, Your Honor. What we want is the district court's denial of statehood relief. His finding that Ms. Cole was not entitled to any relief under statehood reversed. And the reason why is because she is entitled to compensatory education for the nearly month that M.K. was excluded from Haynes in violation of the statehood provision. And you seem to request compensatory education as part of your preliminary injunction motion, at least in your memorandum, but not in the motion itself. Is it your position that you were entitled to an award of compensatory education as part of a preliminary injunction? Yes, Your Honor. Or just that you should have had the statehood injunction. The preliminary injunction should have just automatically been the statehood injunction. And then you would litigate over compensatory education. No, Your Honor. We think that it's all one and the same. You use the preliminary injunction as the vehicle to request statehood. The statehood is a statutory injunction. And that's why its test is different than the four-part test for a PI. And if there's a violation of statehood, because it's automatic, akin to a stay in bankruptcy, it goes all the way back to when statehood had originally applied. In this case, it was February 1st. And so we had about 26 days, roughly, where the student was wholesale denied the services that he was entitled to, not only statehood, but also statehood. Well, not wholesale. He was getting tutoring. He was. He was, Your Honor. But there was a problem with the tutoring in that when Haynes crafted it, they did not appropriately develop a program for him, and he was rejecting it as a manifestation of his disability. So you don't want the district court's judgment vacated? We would accept a vacater so long as he came with an instruction for the trial court to then develop an appropriate compensatory education remedy. The problem here is that statehood was violated and disarmed. And that's why we're before the court, is to pursue that remedy. That's what I understood from your reply brief, too. Yes, Your Honor. As to what you're asking this court to do. It's the, well, first and foremost, we would like reversal of the trial court's denial of statehood. Yeah. It's finding that Ms. Cole was not entitled to statehood. And then with remand for instructions to craft an appropriate remedy for the violations of statehood. Aren't you litigating compensatory education already right now? I'm sorry, Your Honor. I thought you were litigating compensatory education already right now. So why do we need to say anything about that? I'm sorry. I don't understand the question. I thought you were litigating either before the hearing officer or the district court. I think the district court, aren't you? No, Your Honor. The district court on compensatory education. In other words, the whole case is this preliminary injunction appeal? That's right, Your Honor. This is the whole state put component. Whether she's entitled to compensatory education or the automatic injunction, all falls under 1415J. And that whole case was wrapped up when the trial court said you are not entitled to relief under that provision. Do you have a separate case pending, seeking separate compensatory education? There was a separate case. And what was being sought in terms of compensatory education there was a period up until January 25th, 2018. So the cutoff is six days, sorry, four days before state put even applied. And there's two different standards that you're talking about in terms of Comp Ed here. There's the what he should have received versus state put. And then there's what he should have received as a fake. That prior period before January 25th dealt with that former standard and not the state put standard. So even though they're both for Comp Ed, they're for two different types of educational harm and violations of two very different parts of the IDEA. We would also submit to the court that in applying the four-part test to Ms. Cole, the court committed a reversible error because a plaintiff requesting state put relief is not required to demonstrate irreparable injury. That comes from this court's decision in Anderson by Anderson versus District of Columbia. Has Haines actually been- I apologize, but I want to get back and clarify one thing. If the District Court had gotten state put right from your perspective and just immediately ordered the reinstatement, how would you have litigated the compensatory education? There have to be sometimes disputes about what's needed. And so would you then have had a little trial on compensatory education? Or do you think the order- you should have issued an order that day that said reinstate, comply with state put, and here's- would you just say offer compensatory education? I assume there's going to be disputes about that. That's correct, Your Honor. How is that prong of it supposed to be handled in your view? The way that the trial court in KP versus District of Columbia resolved it, KP was resolved by this court in March of 2017, dealt with a violation of state put. Judge Cooper in that case remanded it to a hearing officer and told the hearing officer to use his specialized expertise to develop an appropriate compensatory education. And the District Court didn't do that here? I beg your pardon? The District Court did not do that here? He did not do that here, Your Honor, though the court still could do that if this court remands back to him. So here's what I- your reply brief says on page 25. This court should reverse the trial court denial of state put, find that M.A.K. was entitled to state put as of February 1, 2018, and remand with instruction for the trial court to award an appropriate amount of compensatory education. That led me to believe, perhaps incorrectly, that that was a separate matter, not part of what was before us now on the appeal of the denial of the preliminary injunction. Your Honor, my time has expired. May I answer your question? Please do. I apologize for any confusion on that, Your Honor, but the entitlement to compensatory education for the violation of state put is all kit and caboodle before you right now. No, what I'm trying to understand is I get the point that there are two different parts of the statute. All right. The question here is I didn't understand that you were asking us to make a determination without any factual record to determine precisely what M.K. should receive in the way of compensatory education. I thought either the district court or, as you say, the administrative agency would have to make that determination. You might challenge it and there might be some back and forth, but that was not before us. We believe, Your Honor, that the record is sufficient for this court to determine that, but we would be completely amenable, very happy with, in order from this court, for the trial court to determine that remedy. There's no dispute that Ms. Cole satisfied the two-part test, nor that Haynes affected that fundamental change in placement and that there is an enormous gulf in the services he should have received versus what he actually got. When you asked this court to make the order about stay put and then remand, did you mean to direct the district court to remand to a hearing officer to compute compensatory education? Is that what you meant by that? We would totally accept that, Your Honor. I'm asking what you meant when you said that. Is that the envisionment that you had, or were you envisioning that this would be litigated before the district court? Both, Your Honor. We thought that it would open the door for the district court to apply its discretion as to how best to determine appropriate compensatory education award, because relying on BOOS and BD versus District of Columbia, once you get to that part where you have a violation of the IDEA and it has caused an educational harm, you have to award compensatory education to put the student where they should have been. That standard is articulated in Reed versus District of Columbia. Can I ask you just, I assume you litigate these types of cases? Yes, Your Honor. In your experience, the statute sets out sort of 20 days to get to the hearing and then 10 days to get to a decision before the hearing officer. Yes, Your Honor. Are those dates usually met or do they sometimes slip? Because it looked like the hearing officer scheduled the date for the hearing, in this case, three days beyond. It was 23 school days and not 20. So I'm just trying to figure out, is that something that's generally complied off or do those timeframes tend to slip sometimes? They do slip sometimes, and the reason why is the hearing officers are coming from out of town and they're very limited in the dates that they'll give us in terms of available dates. And then you have to coordinate three ways, the hearing officer, plaintiff's counsel, and the respondent's counsel. Okay. So do you have any sense of what timeframe? So if the hearing was going to be held on the 23rd day, so it looks like those days may shift. But once they have the hearing, do they usually get decisions out within 10 days or does that sometimes shift as well? No, they're almost always within either the statutory 30-day period, that 10 days after the hearing, but the hearing officer is usually locked. Let's say, in this case, he only had seven days because he ran over. He'd have it out on the seventh day. Okay, so they stick with the 30 days even if the 20-10 balance sometimes shifts. Yes, Your Honor. The reason why is because the hearing officers are independent contractors and it's a part of their contract provisions that they have to have those decisions in. That's a byproduct of the Blackman-Jones class action. So let me follow up on our discussion about what remedy you're seeking and ask you to discuss that in terms of the mootness argument. Sure, Your Honor. Our position is that the case is not moot because Ms. Cole still has a claim for compensatory education. It's live and it can be remedied by the trial court or this Court. In other words, I understand your argument that this is gross disparity, but I'm not clear how we would make that finding. In other words, there is some evidence in this record that the MK is improving, et cetera, despite this setback or whatever, and hypothetically you could have a case where, although his mother initially wanted him to stay at the school, somehow things have gone well nonetheless, and at this point there was an error by the school, legal error, but whether he's entitled to compensatory education in a substantive sense could still be an open question. I mean, it's a violation of the stay put provision. That's one issue, but whether he gets compensatory education as a result could be another issue, and you're just saying legally he's entitled to it, whether it has any substance to it is a different question. I know, Your Honor, to kind of jump down into the weeds of this, the reason why we're saying he's almost certain to be entitled to it is because what he got versus what he should have received under stay put is a material fee. When you take a student who is supposed to be... I get that argument, and I'm just pushing you. I don't know what the adverb was you just used, but I mean, we couldn't order a district court to grant it unless we found that your client was entitled to it. Yes, Your Honor, and on this record you can see that it is a material failure to implement an IEP, and once a court finds that, a parent doesn't have to show that there is educational harm. That automatically leads to you must remedy that violation, and in this case we had a material failure to implement it. So help me understand this in a hypothetical case. A child who is entitled to special education and remains eligible for special education is moved out of his placement school for a period that exceeds the 45 authorized days, and the government fails to get an extension of that time. On the record we have, the type of educational assistance that the child has been receiving at the temporary placement is different than what he was receiving in his original placement. But we have no idea whether on this record there's been any harm to the child, and that's why I thought that whole question, if you prevail, either had to go back or the case is moved. You still have your compensatory education claim, but now you've told me no. The only thing that was ever before the district court was the violation of the stay put order, and once the district court found that as he should have, then he had to go ahead and award your client compensatory education, or at least have someone determine whether that was warranted. There's two forms of relief for a stay put violation, Your Honor, and Ms. Cole requested both. It's the automatic statutory injunction and compensatory education to make up the difference in what the student received and what stay put would have required him to receive. In this case, you have such a complete failure to provide. So if we were to tell the district court that it erred in failing to give you your stay put relief, why wouldn't that keep the case open before the district court in terms of your compensatory education request? It would, Your Honor. So all we need to decide is the legal error, whether that is valid or not. Yes, Your Honor. And if we were to hold this case is moved because the injunction was seeking to get the child back at his original placement, would that have the effect of denying your request for compensatory education? I think that's the thrust of your argument here today, as I hear it. And I didn't get that from the brief, and I may have misunderstood. Your Honor, the preliminary injunction, and I understand that I keep saying this and coming back to it, it's just one of the two forms of relief that are requested. I'm with you. That's why I thought that if the district court was wrong, as a matter of law, in not giving you your injunction, you still had this claim for compensatory education. Because no question, the child was moved out of his original placement for more than the 45-day period. Yes, Your Honor. But the trial court denied that relief. He denied the request for compensatory education along with the request for the injunction. And we appealed both of those denials before this court. And respectfully, that's the basis of our argument. The district court didn't dismiss the whole case, just said no PI. And I thought you were at ongoing litigation for the district court right now. Yes, Your Honor. Summary judgment filings addressing compensatory education, so I'm kind of confused. Is it your point, tell me if I got this wrong, that you think that your position is that in moving for what I'll call the stay-put injunction, the stay-put order, the district court erred both in not giving you stay-put and in not issuing a declaratory judgment that you're entitled to compensatory education? No, Your Honor. We would respectfully submit that the court erred in adjudicating that we were not entitled to stay-put relief. That because the four-part test is applied to Ms. Cole warranted a different outcome, she's not entitled to any stay-put. How do you define, when you define stay-put relief, you define that as both back to school immediately and compensatory education? Yes, Your Honor. That's how you define stay-put relief? Yes, Your Honor. Not just as the go to school? Yes, Your Honor. Are you currently litigated on summary judgment, you're entitled to compensatory education in the district court? We amended the complaint to ensure that the complaint also reflected what the PI, the TRO, requested. We told the court that we had done that out of an abundance of caution, but that that issue was before the D.C. circuit. And your view of stay-put is having two aspects, back to school and compensatory education. What is your best case that those things are packaged together in that way? Because the statutory text only talks about stay-put as dealing with the physical location versus education of the child and adherence to the IEP that goes with that schooling. Do you have a case that says stay-put also includes an automatic declaration of your right to compensatory education and we'll figure out the nitty-gritty of that as the case goes forward? No, Your Honor. But we can refer the court back to KP versus District of Columbia and the proceedings that happened after remand. Once the case is remanded, the student wasn't actually able to enjoy her stay-put placement for a multitude of reasons that aren't relevant. But the trial court found that because she was entitled to stay-put and she wasn't able to go to it, she was entitled to compensatory education for the violation of stay-put that had occurred. And then he remanded to the hearing officer. The hearing officer ordered about, I want to say, 300 hours or so of compensatory education. Okay. So I get it. So your concern is that when the district court said you're not entitled to stay-put, that that meant that you wouldn't also be able to claim compensatory education? Compensatory education associated with the stay-put violation. Exactly, Your Honor. Okay. And if we look at the record in this case, we are going to find that argument was made to the district court, this packaging argument. We never got to it, Your Honor. The only question is if we... Well, in asking for stay-put relief, presumably, you would have said, in this dialogue that we've been having recently, that you want M.K. immediately returned to his original placement. And you want compensatory education. But the injunction was simply to get him back in his original school. Yes, Your Honor. But if you look in the preliminary injunction itself, in the prayer for relief, there is a request for compensatory education. And the proposed order, we proposed that the court order relief in the form of compensatory education. But in terms of the oral argument before the trial court, we never even got that far, because the trial court was focused on the two-part test. And then applied the four-part test on top of that and denied stay-put relief. Well, that's part of what I'm getting at here. It's not in the complaint. Yes, it's not in the complaint. And it's in a memorandum in support of the injunction. Yes, Your Honor. And when I looked at what the district court did, I thought it was saying, I have to decide whether you're entitled to an injunction. And if I decide you're not entitled to an injunction, the case isn't over, because you may be entitled to some compensatory education. Respectfully, Your Honor, the trial court did not say that. Instead, he said that Ms. Cole was not entitled to stay-put. And in evaluating the full entitlement to that right, what he found was that because the four-part test did not also weigh in her favor, then stay-put was not applicable to her claim. Even in some dicta said that. All right. So in response to Judge Paulette's question for your best authority, you cited the district court. Yes, Your Honor. As to what the district court actually did in that case. Yes, Your Honor. And I notice in your brief, you cite a lot of cases, but they're mostly district court cases, plus the Third Circuit and the Ninth Circuit. Yes, Your Honor. It may be that a lot of district court judges understand that, but I was looking for something that either in the statute, the regulations, or an appellate court case tell me they are one and the same. I do not believe that there is a regulation, a circuit court case, or a statute that says that. So you're asking us for the first time to hold that in seeking a stay-put relief, that must necessarily be interpreted as also including a request for compensatory education. Yes, Your Honor. Not simply putting the child back where the plaintiff says he should be, namely in his original placement. Yes, Your Honor. But the plaintiff would still have to express a request, and it would still have to be warranted. If the stay-put injunction is granted the next day, say day 46, then there is no educational harm that the student is entitled to remedy for. So here's what your motion said. You said Mrs. Olu Cole requests a stay-put injunction to allow M.K. to continue to receive services during the pendency of the proceedings under the IDEA. And then you mentioned that memorandum of points of authority is attached. Yes, Your Honor. The memorandum in connection with support of the motion for TRO does say at the end, third, order the defendant to provide compensatory education for any violation of stay-put. Yes, Your Honor. Is the theory that it is no good to put the kid, sorry, the child back in the school if the child is now two months behind? You have to sort of have some very fast compensatory education? Or are you just saying that what should come with an order to put the child back in the school is a declaration of your legal right to compensatory education, the content of which is to be determined later? The latter, Your Honor. Okay. And that can be remanded to a hearing officer to determine. But in this case, you said you amended your complaint. The district court didn't dismiss the case. You amended your complaint to expressly ask for compensatory education. And you're litigating that right now. And if the district court there were to rule, why doesn't that move this aspect of the case? Because you're now litigating whether you're entitled to compensatory education or not. And if the district court there were to say you're not entitled for this reason, another reason, all manner of reasons, you would be able to appeal that determination. I'm just a little worried that we would be getting ahead of the district court's current summary judgment proceeding if we were to declare you have some entitlement to it. Well, Your Honor, just to be clear, it's in 12B6, the motion to dismiss. Okay. But, Your Honor, the reason why we think this court still needs to adjudicate. I'm sorry, is your motion to dismiss here or in district court right now? In district court. No one's put in any evidence on? On compensatory education? Mm-hmm. There was a cross motion. Yes, Haynes filed a cross motion to dismiss in an alternative summary judgment. I understand it's confusing up there. The problem here is that the whole relief for combat comes from that statehood claim that began on February 1st and was adjudicated by the district court. And if this court affirms that decision and says the trial court correctly decided that, then Ms. Cole is not entitled to compensatory education despite the fact that Haynes denied. Got it. Because they were right to keep you out of school. Right. And so they don't have to give you anything for that period. Right. Yes, Your Honor. Okay. I think I understand. Okay. And you read the district court's order as saying that, but your basic point is the district court's whole analysis is wrong. Yes, Your Honor. In using this four-part test. Yes, Your Honor. Given the uniqueness of the statehood provision. Yes, Your Honor. All right. Let's hear it from Ms. Cole. Thank you, Your Honor. Thank you. Good morning. Good morning, Your Honors. May it please the Court. Lauren Baum on behalf of Yale Haynes Public Charter School. I'm happy to jump right into the mootness issue because it is. Let me just ask you something. Yes. I'm trying to come to an understanding here. If you're legally entitled, for the 45-day period that you clearly were entitled to have the child out of school, and let's assume in a hypothetical case the 45 days ends and everyone is fine, the child goes right back into school. There's no compensatory education obligation that would go to cover up whatever may have been missed during that 45-day suspension. Assuming there's an agreement that the interim placement was appropriate, which in this case there wasn't. That was a whole separate thing. Got it. Got it. But if you didn't have that dispute, then at that point they wouldn't be entitled to a statehood order on day 44 or 43. Correct. And so they couldn't claim a legal right to compensatory education. Yes. But then once it's day 46 or 47, then a right to compensatory education would kick in, if you did not have a legal right to extend that time period. Yes, or if there was a violation of IDEA and educational harm to the student. So if there's a legal – whether or not there's a legal right to stay put on that time period after the 45 days elapsed and before he was returned, whether he has a right to stay put determines whether he has a right to compensatory – a legal right to compensatory education. Have to prove it, have to – that could be disputed, but when he has a legal right to claim that compensatory education would rise or fall with whether he had a right to be returned to school at that point. Yes, and I think that question is still before the district court. As Mr. Nabors pointed out, the complaint was actually amended after the preliminary injunction was denied to more clearly assert that there was still a pending compensatory education claim. The decision on the preliminary – But if you're right – I'm sorry, just to be clear, if you're right on your legal theory that you've advanced to us, that he has no – he had no right to be put back in school for those additional days because you'd requested a hearing officer process it. If you're right about that, then he would have no right to compensatory education for those additional days. I'm not actually sure that's true. We haven't made that argument before the district court. I thought that's what you were just answering to me about that interim time period after the 45 days but before he's returned to school. That turns on whether – I thought that was exactly what you told me before. But I've been confused a lot this morning. That's okay. It might be my fault. The issue before the district court was whether Haynes was in violation of stay put. There were legal questions about what version of stay put applied, but Haynes' argument was even if typically stay put would require the student to return, given the circumstances of this case, there are compelling reasons to allow us to finish the administrative process that was ongoing rather than immediately return him to school. What the district court decided was there may very well be a stay put violation, but given the circumstances, he thought there was a compelling reason to not award the preliminary injunction, allow the administrative process that was ongoing to finish, which it would have done in a matter of days. And then that left open the question of whether there is a compensatory education award owed to the student given the time they leave out after February 1st. But your current litigating position, and still before us in this very appeal, is that you had the right to keep him out of school. I get that he was returned, but you had the legal right to keep him out of school until the hearing officer ruled. Correct? So there's kind of two bases for our claim. One is that a different version of stay put actually should have been applied, but the district court didn't actually apply that version, didn't kind of side with us on that. That's your legal right to keep him out until the hearing officer rules. Correct. I don't know that the district court agrees with us on that and would agree with us on that on a compensatory education claim, but in terms of the preliminary injunction... No, no, I just want to be crystal clear. You are still litigating before us. Yes. That issue of whether he had any stay put right to go back into school. Correct? Right. And you've asked us to say he did not. Right. If you're going to rule on the merits. Correct. I'm just trying to understand this. And if you are correct, then his legal right to any compensatory education for days 46, 47, 48 evaporates. Yes. If he was not entitled to stay put in the first place as per that two part test and the kind of traditional stay put provision, then yes, we would argue he's not entitled to compensatory education. That would be a decision on the merits that the district court has not made and which we would argue is not before you. What's before you is whether the district court erred in denying the motion for a preliminary injunction and that frankly has no impact in terms of whether the parent can still pursue a claim for compensatory education on the merits of her underlying complaint, which is still before the district court. You said the administrative proceedings would have concluded in a matter of some days. Why didn't it? So, on February 22nd, we had our oral argument before the district court on February 13th. The hearing, due process hearing for the administrative matter was set for February 26th. On February 22nd, Haynes actually decided to allow the student to return. And then on February 23rd, the court issued its decision, but we never got to the due process hearing. On the 22nd, Haynes withdrew its request. Correct, yes. And told Olakule that he could go back to school. Correct. And the difference, the 45-day period ended January 31st. January 31st, so it would have been a month. Yes. We're talking about a month here of whether or not he gets compensatory education or not. That's the delta between your two legal positions. Correct. And the reason is not before you. We actually believe he's already received or been authorized what he would be due even for that one period of time, but that's an issue that's before the district court. There's not agreement amongst the parties on that. Correct. But we believe that the appropriate entity to decide what, if any, compensatory education is owed and whether that claim is still alive for different reasons is the district court, and that is before the district court. To have this be moved under your voluntary cessation theory, you have to not only have said we won't do it again, you have to, I don't have the phrase exactly right from the Supreme Court, but all the effects of your position have to have been remedied. And that clearly hasn't been met here because there's this embedded in the district court's decision whether the district court recognized this dual aspect or not was a determination or potentially a determination whether he'd be entitled to this compensatory education for that one-month period. And you're still litigating to us that he shouldn't get it. I'm not litigating that before you. You've raised in your brief the issue about whether the district court got Stakehood wrong. Right, but not in the court. Well, if we agree with you, then there was no basis for compensatory education. You properly excluded him. Sure. For the purposes of the mootness discussion, we are not arguing that the underlying claim is necessarily moot because Haynes let him back into school. We're arguing that the request for a preliminary injunction ordering Haynes to immediately allow him to return to school was moot at the time that the order was issued by the district court, although understandably the district court didn't know that, and also that whether that decision in and of itself was correct is now moot because the activities for which the injunction was sought have occurred. We have never made a claim before the district court that because the student's now back in school, there's no need for a discussion about compensatory education because, as you said, that might very well still be an effect of a Stakehood violation that needs to be remedied. Why didn't you tell the district court right away? So on February 22nd, there was a motion to withdraw. There was immediately discussions and disputes about whether that withdrawal should be with or without prejudice, and so that was going to be resolved as of the following Monday. I believe the 22nd was a Thursday. The 23rd, when the court issued its decision, was a Friday. By the following Monday, there was going to be a decision as to whether withdrawal was with or without prejudice, and frankly I thought it would be premature to alert the district court before we had a final decision about the disposition of the administrative process. Was it ultimately without prejudice or with prejudice? It was with prejudice by agreement. With respect to the merits, it's Haynes's position that the ñ All right. Sorry. I am going to interrupt you again before you get on to the merits on this. Are you of any case that has recognized ñ you agree you have extremely heavy burden on voluntary cessation? Yes. It's a very high burden to meet. Yes. And are you of any case where either we or the Supreme Court has recognized voluntary cessation when both there are collateral legal consequences that have not been redressed and the defendant is not disavowing its legal position, but in fact in the very case is continuing to litigate and asking a court to decide its legal entitlement not to clean up those collateral consequences? No, and that's not what we're kind of suggesting should happen. All we're suggesting is that the issue on the preliminary injunction is moot. The merits of the underlying claim that gave rise to the request for a preliminary injunction are still alive and being litigated. We're not suggesting that the entire case below must be dismissed because the student was returned to school. If we were to rule for you on your merits argument, your construction of the statute, would you then say he's not entitled to compensatory education for that extra month-ish that he was left out of school? If you determined that the state put provision in the discipline procedures of IDEA applied rather than the kind of more general ñ If we accept your legal argument in your brief, yes? Yes, then if Haynes had a legal right to keep him out pursuant to that kind of modified state put provision, then yes, he would not be entitled to compensatory education merely because he was in an interim alternative educational setting. Now, again, if there's a dispute about whether that interim alternative educational setting was appropriate, that would be a different question. And that would be true even if in his original placement he was getting ten types of assistance and in the temporary placement he was getting half. Yes. I mean, that's a really gross disparity. Yes. Hypothetically, I mean, there was no gross disparity in our view, but the FAPE requirement for interim alternative educational settings is modified from the kind of more general FAPE requirement, so the standard by which we judge what is appropriate is not exactly the same. Again, it would be a question of the merits. Are you also aware of any voluntary cessation case where simply representations in a legal brief about we won't let this legal issue arise again have been held sufficient? No, but I think it all comes down to reasonable expectations of what may occur in the future. We have a case partway that actually in the circuit that holds that a mere promise in a brief is not good enough for voluntary cessation. So if, and maybe you haven't seen that, but if that's, if I'm accurately summarizing the holding of that, that promises in a brief without more a declaration from the school, something like that, some change in policy we could look at is not enough, then you would not be able to establish voluntary cessation. Because all you have here, as I understand it, is your promises in a brief. I don't think that's all we have. I think we also have a very fact-dependent scenario that brought us to the preliminary injunction motion. So it's not just a matter of saying we can reasonably anticipate that M.K. will commit another violent act at school, which, by the way, he hasn't since this all happened, which I believe is evidence that he won't necessarily do it again, hopefully, but also that he would be subject to a 45-day removal, that the school would then decide that he could not return at the end of the 45 days, and in doing so not be able to secure a hearing officer's order before the 45 days expired. It's not just about the removal. It's about all the things that happened and the kind of unfortunate timing in this instance of a very complicated legal process. What timing that was within your control? Somewhat, but not entirely. You could have asked for a hearing before the hearing officer immediately and then canceled it later if things worked out. Perhaps, but I don't know that that's- Is that a perhaps or you could have? We could have. I think it would have been premature to do so. One is we didn't know on November 7th when the 45 days began, or even necessarily in early December when we started having conversations about the potential need for a change in placement. We didn't know that when January 31st arose, the school would definitively not want to allow the student to return based on these safety concerns. They certainly had the safety concerns, but they had not made a decision at that point. Second, we didn't know what the outcome of the change in placement process would be when- When you say we, who are you? Sorry, the school. As opposed to the school. The school, sorry. Well, the school could make a decision. They could make a decision, but they haven't. The school's control. That's all Judge Millett was getting at. Yes, but I think practically speaking, it would have been premature to request a hearing as soon as that 45-day period started without knowing how things were actually going to transpire. So that undermines the commitment in your brief? No, not necessarily, because at the very least, let's say we found ourselves in the same situation. What Ms. Olucole was arguing is Haines should have requested the preliminary injunction and then therefore argued the four factors kind of on the side of Haines rather than on the side of Ms. Olucole or the student, and that very well would be within our control, and we absolutely would do that, because as you can see, this has kind of evolved into a much more complicated, lengthy, and costly legal matter than it needed to be in the outset. Because the school didn't do what it was required to do in a timely manner. This Court has been very strict on enforcing the rights of special education. As it should be. And so should the schools. So it knew it had a 45-day limit, and if it wanted to do something more to keep him out, it had to get some authorization. And so the fact that the school dilly-dallied and said we hadn't made up our mind, that's all well and good, and I'm not suggesting any bad faith, but it couldn't just ignore what the statutory scheme required of it. Because you're talking about a young child. If I may, the school very much takes the rights of students with disabilities and the needs of all their students very seriously. This was not an easy position to be in on the part of the school. My only point is I'm saying no bad faith, but I'm getting at the point that you said in your brief this will never happen again. But you could be in the same situation six months from now. The school can't make up its mind what it really wants to do, and the 45 days lapses, and a month passes, and the parent is very concerned that the child is not getting the assistance he needs. So in terms of the statutory construction, the statute says they can unilaterally remove the student based on the serious bodily injury up to 45 school days. They did that. The statute says they can petition a hearing officer for an extension of that 45-day removal for an additional up to 45 days based on a concern that allowing the student to return to school was substantially likely to result in injury to the student or others. So you're saying you're reading the statute that you can wait until the 45th day, file on the 46th day for an extension, and then you are entitled to wait for the hearing officer to set up a schedule that's convenient to all parties, then get a decision, and meanwhile the child is not getting the original services under the plan? Yes, the statute does then say that. It has no right to compensatory education for all that period either. Why would Congress ever set up a scheme like that? My response would come in the form of a question, which is why would Congress set up a scheme where, while schools have assuming legitimate concerns about safety and they're trying to adhere to the IDEA's procedures for seeking and getting a hearing officer's order, would the school have to allow that potentially dangerous student to return? They don't. If the school has that serious concern, then they better request a hearing for a hearing officer within the first 15 days. That's all they have to do. And they can dismiss it later if they all end up working something else out, just like you dismissed it here. That's one option, and the statute also says that. Well, maybe that's why Congress set it up that way. I mean, these are really short deadlines. Congress was serious on even when you have substantial offenses like this, that the clock runs very quickly, and it's a short time period. Decisions have to be made, but you can go on a dual track, so that would be a perfectly sensible decision for Congress to make. Congress also said quite clearly in the statute that once that hearing request is made and a school district appeals to a hearing officer to extend that 45 days or ask for an initial 45 days when those three unilateral circumstances don't exist, that the statehood placement is the interim alternative educational setting. I know. That's why I didn't address this. I thought, well, the court might well hold that if you filed within the 45-day period and there was a reasonable anticipation that you'd get a decision within that period. But that's not this case. You acknowledge that the school hadn't made up its mind what it wanted to do. I'm sorry, I don't understand. Well, you're going to say the plain text of the statute allows you to keep the child away for more than 45 days. And suppose I agree with you. And the question is, if you had a motion pending within the 45-day period, there might be an argument that that would entitle you to keep the child away if the hearing officer hadn't made a decision by the 45th day. Those are the facts in this case. The hearing request … Except for the fact that you didn't file the motion or the request either within the 45-day period or in a time such that it was reasonably anticipated that the hearing officer could render a decision. I mean, the district court's whole point was 10 days. I don't think that's going to prejudice the child. But your colloquy with Judge Millett just says that the statement in the brief is nothing we can rely on. I'm sorry, I have to respectfully disagree. In other words, you've acknowledged that the school may be in similar circumstances again, if not with this child, with some other child. So we don't actually believe there's a reasonable expectation that the facts, as they kind of arose in this situation, will arise again. Another child in a fight where one child is injured such that the custodians of the school want to … educational custodians want him removed or her removed. That's not the only fact that led us here. If that were, then it would be a different conversation. But that is one fact, and then there are several other facts as to how this case … And what are those, just in a brief sentence, what are those facts? Sure. So the initial 45-day removal due to serious bodily injury was one thing, but then the question about the need for a change in placement, the dispute about the need for a change in placement, the decision by the school to extend those 45 days, those are all unique facts to this case that, frankly, I have not seen in my 10 years of practice as a special education attorney in D.C. This school has never seen. And I believe that the totality of the facts in this case are quite unique. I see that my time is up, so unless you have any more questions. Thank you. Thank you. All right. Counsel for appellant? Counsel for appellant? Your Honors, I wanted to pick up on the conversation you were just having with opposing counsel about their position about whether or not statehood applies during disciplinary proceedings. And we actually think that because Haynes sincerely believes that statehood doesn't apply, that there is a different provision that requires a student not to return to his then-current educational placement, but to remain in the IAES beyond the 45-school-day limit that Congress has set, that there's actually a substantial likelihood that this could occur. This is a student, much like the student in Honig, who has an emotional disturbance. It manifests itself in physical outbursts. He will continue for the remainder of his life to struggle with this disability. It is an ingrained, inherent impediment to the way that he interacts with other people. So as respectfully as possible, we think that there is a likelihood that this could happen again. And when it does, Haynes is going to take the same position, and that is that statehood does not apply when there are disciplinary proceedings and the student has been placed in an IAES. Additionally, Your Honor, Haynes had stated that there is a modified FAPE standard that would apply and that would affect the compensatory education determination. That's actually not accurate. That modified FAPE standard only applies during the 45-school-days that the student can be unilaterally moved to IAES. On day 46, it's the ordinary review. It's what does the IEP say and what did the student get? What's the difference between it? And then we have to use that to create an equitable remedy pursuant to Reed v. District of Columbia. And finally, Your Honor, we just sympathize that Haynes could have taken a two-track approach to this. They could have requested the hearing officer in an expedited due process hearing and the change in placement process from OSCE. And if one had worked out versus the other, they could have canceled. They opted not to do that. They went with the change in placement process, scheduling it for January as an intentional and purposeful act. I see that I'm out of time. Thank you, Your Honors. Thank you. We'll take the case under advisement. Stand, please.
judges: Rogers, Millett, Ginsburg